Anne Redcross Beehler (California Bar No. 312125)
anneredcross.beehler@bclplaw.com
David J. Root (California Bar No. 307251)
david.root@bclplaw.com
Jina Shin (California Bar No. 339309)
jina.shin@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1920 Main Street, Suite 1000
Irvine, California  92614-7276
Telephone:   (949) 223-7000
Facsimile:    (949) 223-7100

*Attorneys for Plaintiffs*
DR. ESAM YUSUF ABDULKARIM JANAHI; and INFRA CAPITAL INVESTMENTS PJSC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

| | |
|---|---|
| DR. ESAM YUSUF ABDULKARIM JANAHI, an individual; *et al.* <br><br> Plaintiffs, <br><br> vs. <br><br> IMAAD SHAH ZUBERI, an individual; *et al.* <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM. | Case No. 2:21-cv-03975-VAP-PLAx <br><br> Hon. Virginia A. Phillips <br><br> **PLAINTIFFS AND COUNTERCLAIM-DEFENDANTS' ANSWER TO IMAAD SHAH ZUBERI'S COUNTERCLAIM** <br><br> Complaint Filed:     May 11, 2021 <br> Counterclaim Filed: June 29, 2021 <br> Trial Date:              Oct. 18, 2022 |

Plaintiffs and Counterclaim-Defendants Dr. Esam Yusuf Abdulkarim Janahi ("**EJ**") and Infra Capital Investments PJSC ("**Infra**") (collectively, "**Plaintiffs**") hereby answer the Counterclaim of Defendant and Counterclaim-Plaintiff Imaad Shah Zuberi ("**Zuberi**" or "**Defendant**") and set forth their defenses as follows:

## THE PARTIES

1. Plaintiffs lack knowledge or information to admit or deny the allegation in paragraph 1 that all of Zuberi's allegations in his Counterclaim "are made on information and belief," and on that basis, deny the allegation.

2. Upon information and belief, Plaintiffs admit Zuberi is an individual residing in Los Angeles County, California at the time of the filing of the Counterclaim. Upon information and belief, Zuberi has been ordered to surrender to the United States Marshal to serve his prison sentence, and as a result, may no longer reside in Los Angeles County as of the time of the filing of this Answer to Counterclaim.

3. Plaintiffs admit EJ is an individual residing in the United Arab Emirates. Plaintiffs admit that EJ owns property in the Middle East and Europe. Plaintiffs deny the allegations that EJ has passports and "potential citizenships" in St. Kitts, Nevis, and "possibly" Iran. Concurrently with this Answer, Plaintiffs move to strike certain of the allegations in Paragraph 3 of the Counterclaim, which are false, irrelevant, inflammatory, and are asserted merely in order to cause EJ reputational and other harm.

4. Plaintiffs admit that Infra is a private joint-stock company organized in the UAE with a principal place of business in the UAE. Plaintiffs deny that "Infra is on the verge of bankruptcy."

5. Plaintiffs lack knowledge or information to admit or deny the allegation contained in Paragraph 5 of the Counterclaim, and on that basis deny such allegations.

6. The allegations in Paragraph 6 of the Counterclaim state mere legal

1
ANSWER TO IMAAD ZUBERI'S COUNTERCLAIM

conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 6.

## JURISDICTION AND VENUE

7. Paragraph 7 contains a legal conclusion regarding venue to which no response is necessary.  To the extent a response is necessary, Plaintiffs admit they filed the Complaint in this District and Division and that Zuberi's Counterclaim purportedly relates to the same transactions as those which form the basis of the Complaint.

## INTRODUCTION

8. Plaintiffs admit that Zuberi and EJ met in or around 2011 in Bahrain, that EJ was looking for investment opportunities, and that Zuberi purported to know high-net worth individuals and entrepreneurs.  Plaintiffs deny the remaining allegations contained in Paragraph 8.

9. Plaintiffs admit that Zuberi presented alleged opportunities for investments, introductions, and to create "deal flow," and that Zuberi sometimes acted as a consultant for EJ.  Plaintiffs deny the remaining allegations contained in Paragraph 9.

10. Plaintiffs admit that EJ is a businessman and that Zuberi identified investments and sometimes provided consultancy services.  Plaintiffs deny the remaining allegations contained in Paragraph 10 of the Counterclaim.  Concurrently with this Answer, Plaintiffs move to strike portions of the allegations in Paragraph 10 of the Counterclaim, which are false, irrelevant, inflammatory, and are asserted merely in order to cause EJ reputational and other harm.

11. Plaintiffs lack knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Counterclaim that "Zuberi looked at EJ as an older brother figure, and until the receipt of EJ's complaint, Zuberi believed the two were on good terms," and on that basis deny the allegations.  Plaintiffs admit that Zuberi occasionally purchased personal property for EJ and paid travel

expenses, but Plaintiffs further state Zuberi did so using EJ's money. Plaintiffs deny the remaining allegations contained in Paragraph 11 of the Counterclaim.

### A. The 75/25 "Clawback" Arrangement

12.  Plaintiffs admit that EJ and Zuberi entered into an agreement, by which Zuberi, at a minimum, agreed to repay EJ 75% of the amounts EJ had invested at Zuberi's direction, and Zuberi would keep 25% for his efforts. Plaintiffs further admit that Zuberi would only be able to keep 100% of the money invested if the related project was successful, and Plaintiffs further admit that Zuberi would owe EJ 75% of invested funds back if an investment were unsuccessful. Plaintiffs deny the remaining allegations contained in Paragraph 12.

13.  Plaintiffs admit that EJ and Zuberi entered into an agreement, by which Zuberi, at a minimum, agreed to repay EJ 75% of the amounts EJ had invested at Zuberi's direction, and Zuberi would keep 25% for his efforts. Plaintiffs further admit that Zuberi would only be able to keep 100% of the money invested if the related project was successful, and Plaintiffs further admit that Zuberi would owe EJ 75% of invested funds back if an investment were unsuccessful. Plaintiffs deny the remaining allegations contained in Paragraph 13.

14.  Plaintiffs admit that EJ and Zuberi entered into an agreement, by which Zuberi, at a minimum, agreed to repay EJ 75% of the amounts EJ had invested at Zuberi's direction, and Zuberi would keep 25% for his efforts. Plaintiffs further admit that Zuberi would only be able to keep 100% of the money invested if the related project was successful, and Plaintiffs further admit that Zuberi would owe EJ 75% of invested funds back if an investment were unsuccessful. Plaintiffs deny the remaining allegations contained in Paragraph 14.

15.  Plaintiffs admit that EJ and Zuberi entered into an agreement, by which Zuberi, at a minimum, agreed to repay EJ 75% of the amounts EJ had invested at Zuberi's direction, and Zuberi would keep 25% for his efforts. Plaintiffs further admit that Zuberi would only be able to keep 100% of the money invested if the

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-727

related project was successful, and Plaintiffs further admit that Zuberi would owe EJ 75% of invested funds back if an investment were unsuccessful.  Plaintiffs further admit that if Zuberi purchased property on EJ's behalf, it was with EJ's own money.  Plaintiffs deny the remaining allegations contained in Paragraph 15.

16.     Plaintiffs deny the allegations contained in Paragraph 16.

i. Transferred Funds Subject to the Arrangement

17.     Plaintiffs admit that EJ and Zuberi entered into an agreement, by which Zuberi, at a minimum, agreed to repay EJ 75% of the amounts EJ had invested at Zuberi's direction, and Zuberi would keep 25% for his efforts.  Plaintiffs further admit that Zuberi would only be able to keep 100% of the money invested if the related project was successful, and Plaintiffs further admit that Zuberi would owe EJ 75% of invested funds back if an investment were unsuccessful.  Plaintiffs deny the remaining allegations contained in Paragraph 17.

18.     Plaintiffs admit that EJ and Zuberi entered into an agreement, by which Zuberi, at a minimum, agreed to repay EJ 75% of the amounts EJ had invested at Zuberi's direction, and Zuberi would keep 25% for his efforts.  Plaintiffs further admit that Zuberi would only be able to keep 100% of the money invested if the related project was successful, and Plaintiffs further admit that Zuberi would owe EJ 75% of invested funds back if an investment were unsuccessful.  Plaintiffs deny the remaining allegations contained in Paragraph 18.

ii.  Funds Transferred as Payment for Consulting Services

19.     Plaintiffs deny the allegations contained in Paragraph 19.

20.     Plaintiffs admit Zuberi sometimes sent invoices to EJ, many of which were massively inflated and unsupported by receipts.  Plaintiffs further admit EJ paid invoices sent to him by Zuberi.  Plaintiffs lack information or knowledge to admit or deny the remaining allegations contained in Paragraph 20 of the Counterclaim, and on that basis deny the allegations.

iii. Direct Investments by EJ

21. Plaintiffs admit that Zuberi sometimes introduced Plaintiffs to investments that involved payments through an entity, and not Zuberi personally. Plaintiffs deny the remaining allegations in Paragraph 21 of the Counterclaim.

22. Plaintiffs deny the allegations contained in Paragraph 22 of the Counterclaim.

iv. Zuberi Purchased Goods and Services at EJ's Request for EJ's sole Benefit

23. Plaintiffs admit that sometimes Zuberi purchased personal property or travel for EJ, but state that this was done using EJ's own money, which is why (up until the filing of the Counterclaim) Zuberi never demanded reimbursement. Plaintiffs deny the remaining allegations contained in Paragraph 23 of the Counterclaim.

**B. Al Areen Investment**

24. Plaintiffs admit Al Areen was a development of luxury spa, water park, wellness center, housing, and recreational facilities in Bahrain, with which EJ was involved (EJ indirectly owned an interest in the holding company, which owned portions of Al Areen). Plaintiffs further admit that Zuberi, through Avenue Ventures, agreed to provide certain consultancy services in connection with Al Areen, including locating Chinese investors in the project (which Zuberi ultimately failed to do). Plaintiffs otherwise deny the allegations of Paragraph 24 of the Counterclaim.

25. Plaintiffs admit that EJ indirectly owned an interest in the holding company that owned portions of Al Areen, and that Zuberi sought an interest in a portion of the holding company. Plaintiffs deny the remaining allegations contained in Paragraph 25 of the Counterclaim.

26. Plaintiffs admit that Zuberi was supposed to find interest in Chinese investors in the Al Areen project through his purported connections in China (but

1 ultimately failed to do so, although he was compensated by Plaintiffs under a
2 consultancy agreement). Plaintiffs deny the remaining allegations contained in
3 Paragraph 26 of the Counterclaim.

4     27.    Plaintiffs admit that in 2016, three to four years after Zuberi was
5 supposed to have already located Chinese investors for the Al Areen project, EJ was
6 forced to transfer his interest in the holding company owning portions of Al Areen,
7 but state that Zuberi was nevertheless compensated through his consultancy
8 arrangement. Plaintiffs deny the remaining allegations contained in Paragraph 27 of
9 the Counterclaim, and further, concurrently move to strike certain of the allegations,
10 which are false, irrelevant, inflammatory, and are asserted merely in order to cause
11 EJ reputational and other harm.

12     28.    Plaintiffs deny the allegations contained in Paragraph 28 of the
13 Counterclaim.

14     **C.   Libya and North African Projects**

15     29.    Plaintiffs admit that in 2012 and 2013, Zuberi presented a number of
16 investment opportunities to EJ in North Africa and Libya. Plaintiffs further admit
17 that EJ transferred $45,000 to Zuberi in connection with an investment into a BMW
18 distributor in Libya. Plaintiffs otherwise deny the allegations contained in
19 Paragraph 29 of the Counterclaim.

20     30.    Plaintiffs deny the allegations contained in Paragraph 30 of the
21 Counterclaim.

22     31.    Plaintiffs admit that EJ paid Zuberi for certain consulting services, but
23 deny the remaining allegations contained in Paragraph 31 of the Counterclaim.

24     **D.   USCares Operations and Investment**

25     32.    Plaintiffs admit that in 2013, Zuberi began promoting to EJ an
26 investment in USCares. Plaintiffs admit that Zuberi promoted USCares as a venture
27 intended to provide humanitarian aid to Iran, and that Zuberi would arrange for
28 USCares to obtain an OFAC license for USCares to be able to provide humanitarian

aid to Iran. Plaintiffs deny any remaining allegations contained in Paragraph 32 of the Counterclaim.

33. Plaintiffs admit EJ purchased the interest of Aqili Group LLC in USCares, and that Mr. Aqili (who is not a family member of EJ) was placed on the SDN list. Plaintiffs deny the remaining allegations contained in Paragraph 33 of the Counterclaim.

34. Plaintiffs deny that EJ "refused" an offer from Zuberi to return EJ's money, and further state that Zuberi never made any such offer to EJ. Plaintiffs admit, upon information and belief and based on filings in the criminal action, that Zuberi repaid some money to certain investors in connection with USCares, but Plaintiffs did not receive any return of their funds. Plaintiffs further state that they lack information or knowledge to admit or deny the remaining allegations contained in Paragraph 34 of the Counterclaim, and on that basis deny the remaining allegations.

### E.  DebtDog and Proa Medical Investments

35. Plaintiffs admit that Zuberi introduced EJ to DebtDog, that Zuberi played an active role in the DebtDog investment, and that, upon information and belief, DebtDog was involved with lending funds to persons with limited credit. Plaintiffs deny the remaining allegations contained in Paragraph 35 of the Counterclaim.

36. Plaintiffs lack information or knowledge to admit or deny the remaining allegations contained in Paragraph 36 of the Counterclaim, and on that basis deny the allegations.

37. Plaintiffs admit that funds for the DebtDog investment were not directly remitted to Zuberi and Plaintiffs admit, upon information and belief, that Zuberi sought to be on the board of directors and was invited to board meetings. Plaintiffs deny the remaining allegations contained in Paragraph 37 of the

1 Counterclaim.

2     38.     Plaintiffs admit that Zuberi introduced EJ to Proa Medical for investment purposes and that it was a medical company. Plaintiffs lack information or knowledge to admit or deny the remaining allegations contained in Paragraph 38 of the Counterclaim, and on that basis deny the allegations.

    39. Plaintiffs admit that Zuberi introduced EJ to Proa Medical and that he played an active role in the investment, Plaintiffs deny the remaining allegations contained in Paragraph 39.

    40.     Plaintiffs deny the allegations contained in Paragraph 40 of the Counterclaim.

    41.     Plaintiffs admit that EJ invested half a million in Proa Medical (which ultimately was lost) and the Zuberi invested funds on behalf of himself and EJ in Proa Medical. Plaintiffs lack information or knowledge to admit or deny the allegation that "Zuberi was again paid a finder's fee by the company for having helped facilitate a large investment." Plaintiffs deny the remaining allegations contained in Paragraph 41 of the Counterclaim.

    42.     Plaintiffs admit that Zuberi was not directly provided the funds for the DebtDog investment, but Plaintiffs state Zuberi invested in both DebtDog and Proa Medical on behalf of EJ and played an active role in the investments, which failed. Plaintiffs lack information or knowledge to admit or deny the allegation that Zuberi was paid a finder's fee by the companies, and on that basis deny the allegations. Plaintiffs deny all other allegations contained in Paragraph 42 of the Counterclaim.

**F. West Hollywood Project**

    43.     Plaintiffs admit that in 2015 and 2016, Zuberi presented an investment opportunity to Plaintiffs concerning property in West Hollywood, and that the investment was to be through an entity called West Hollywood 11 LLC. Plaintiffs otherwise deny the allegations contained in Paragraph 43 of the Counterclaim.

    44.     Plaintiffs admit that Zuberi told them that the West Hollywood

1  condominiums would be sold for a profit after development (all while knowing he
2  would simply take the investment funds for his own use), and otherwise deny the
3  allegations contained in Paragraph 45 of the Counterclaim.

4      45.    Plaintiffs admit that Infra sent funds to Zuberi for the purported
5  investment in West Hollywood as set forth in the Complaint. Plaintiffs otherwise
6  deny the allegations contained in Paragraph 45 of the Counterclaim. Plaintiffs move
7  to strike certain of the allegations in Paragraph 45 of the Counterclaim concurrently
8  with this Answer, which are false, irrelevant, inflammatory, and are asserted merely
9  in order to cause EJ reputational and other harm.

10     46.    Plaintiffs deny the allegations contained in Paragraph 46 of the
11 Counterclaim, and state that there was no real investment because, as Plaintiffs later
12 discovered, Zuberi kept the funds for his own use and in fact, when Zuberi was
13 claiming to Plaintiffs he could purchase the property for investment purposes, the
14 property had in fact already been sold to another investor.

15     47.    Plaintiffs admit that the "investment" was not viable (because as set
16 forth in the Complaint there was no real investment). Plaintiffs admit that Zuberi
17 cancelled WH 11. Plaintiffs deny the remaining allegations contained in Paragraph
18 47 of the Counterclaim.

19     48.    Plaintiffs deny the allegations contained in Paragraph 48 of the
20 Counterclaim.

21     **G.  Zuberi Paid for Millions in Goods and Services at EJ's Request, and**
22         **EJ Failed to Reimburse Zuberi**

23     49.    Plaintiffs admit that Zuberi occasionally purchased personal property
24 for EJ and paid travel expenses, but Plaintiffs further state Zuberi did so using EJ's
25 money. Plaintiffs deny the remaining allegations contained in Paragraph 49 of the
26 Counterclaim.

27     50.    Plaintiffs admit that Zuberi occasionally purchased personal property
28 for EJ and paid travel expenses, but Plaintiffs further state Zuberi did so using EJ's

9
ANSWER TO IMAAD ZUBERI'S COUNTERCLAIM

money. As set forth in pleadings in the criminal case, the contribution to the referenced mosque was paid for by EJ, not Zuberi. Plaintiffs deny the remaining allegations contained in Paragraph 50 of the Counterclaim. Concurrently with the filing of this Answer, Plaintiffs move to strike certain allegations in paragraph 50, which are false, irrelevant, inflammatory, and are asserted merely in order to cause EJ reputational and other harm.

51. Plaintiffs deny the allegations contained in Paragraph 51 of the Counterclaim, and concurrently with this answer, Plaintiffs move to strike certain of the allegations in Paragraph 51 of the Counterclaim which are false, irrelevant, inflammatory, and are asserted merely in order to cause EJ reputational and other harm.

52. Plaintiffs admit Zuberi paid minor expenses associated with his and EJ's travel. Plaintiffs deny that these minor expenses totaled over $1 million, or were anything close to $1 million, and otherwise deny the remaining allegations in Paragraph 52 of the Counterclaim.

53. Plaintiffs deny the allegations contained in Paragraph 53 of the Counterclaim, and concurrently with this answer, Plaintiffs move to strike certain of the allegations in Paragraph 53 of the Counterclaim which are false, irrelevant, inflammatory, and are asserted merely in order to cause EJ reputational and other harm.

54. Plaintiffs deny the allegations contained in Paragraph 54 of the Counterclaim.

55. Plaintiffs deny the allegations contained in Paragraph 55 of the Counterclaim.

56. Plaintiffs deny the allegations contained in Paragraph 56 of the Counterclaim.

57. Plaintiffs admit that a stock transfer form was prepared concerning SEAMENA-China Ventures (Private) Limited, but Plaintiffs deny that any "equity"

1 or value was ever received by EJ. Plaintiffs otherwise deny the allegations
2 contained in Paragraph 57 of the Counterclaim.

3     58.    Plaintiffs deny the allegations contained in Paragraph 58 of the
4 Counterclaim.

5     **H.    The Settlement Agreement**

6     59.    Plaintiffs deny the allegations contained in Paragraph 59 of the
7 Counterclaim, and further state that EJ never signed a document titled "Settlement
8 Agreement and Release," a copy of which is purportedly attached as Exhibit A to
9 the Counterclaim. Plaintiffs further contend that the document is a forgery.

10     60.    Plaintiffs deny the allegations contained in Paragraph 60 of the
11 Counterclaim, and further state that EJ never executed the document attached as
12 Exhibit A to the Counterclaim. Plaintiffs further deny that EJ and Zuberi were in
13 Shanghai, China, on the date the purported Settlement Agreement states it was
14 executed. Plaintiffs further deny that third parties were present and witnessed EJ
15 and Zuberi signing the purported Settlement Agreement, as Plaintiffs contend the
16 document is a forgery.

17     61.    Plaintiffs deny the allegations contained in Paragraph 61 of the
18 Counterclaim, and further state that EJ never signed the document attached as
19 Exhibit A to the Counterclaim.

20     62.    Plaintiffs deny the allegations contained in Paragraph 62 of the
21 Counterclaim, and further state that EJ never signed the document attached as
22 Exhibit A to the Counterclaim. Plaintiffs deny that EJ "acknowledged" anything by
23 way of the alleged Settlement Agreement.

24     **FIRST CAUSE OF ACTION**
25     **FRAUD IN THE INDUCEMENT**
26     (Against all Counterclaim Defendants)
27     63.    Plaintiffs incorporate their responses to Paragraphs 1-62 as though fully
28

set forth herein.

64. Plaintiffs deny the allegations contained in Paragraph 64 of the Counterclaim.

65. Plaintiffs deny the allegations contained in Paragraph 65 of the Counterclaim.

66. Plaintiffs deny the allegations contained in Paragraph 66 of the Counterclaim.

67. Plaintiffs deny the allegations contained in Paragraph 67 of the Counterclaim.

68. Plaintiffs deny the allegations contained in Paragraph 68 of the Counterclaim.

69. Plaintiffs deny the allegations contained in Paragraph 69 of the Counterclaim.

70. Plaintiffs deny the allegations contained in Paragraph 70 of the Counterclaim.

## SECOND CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION
(Against Esam Janahi)

71. Plaintiffs incorporate their responses to Paragraphs 1-62 as though fully set forth herein.

**EJ's Misrepresentation Concerning Al Areen**

72. Plaintiffs admit that Zuberi, through Avenue Ventures, agreed to provide consultancy services in connection with Al Areen. Plaintiffs deny the remaining allegations contained in Paragraph 72 of the Counterclaim.

73. Plaintiffs deny the allegations contained in Paragraph 73 of the Counterclaim.

74. Plaintiffs deny the allegations contained in Paragraph 74 of the

Counterclaim.

75. Plaintiffs admit EJ never transferred any of his equity in Al Areen to Zuberi, but deny that EJ had any obligation to do so. As set forth above, Zuberi did not obtain the Chinese investment interest he promised in the several year period he allegedly was providing consulting services, and EJ's interest was not transferred until 2016 (years after Zuberi was supposed to have found investors for Al Areen). Plaintiffs deny the remaining allegations contained in Paragraph 75 of the Counterclaim.

**EJ's Misrepresentation Concerning Payment to Zuberi for Funds Advanced**

76. Plaintiffs admit Zuberi paid for minimal incidental costs associated with travel and purchased certain personal property using EJ's own funds. Plaintiffs deny the remaining allegations contained in Paragraph 76 of the Counterclaim.

77. Plaintiffs deny the allegations contained in Paragraph 77 of the Counterclaim.

78. Plaintiffs deny the allegations contained in Paragraph 78 of the Counterclaim.

79. Plaintiffs deny the allegations contained in Paragraph 79 of the Counterclaim.

80. Plaintiffs deny the allegations contained in Paragraph 80 of the Counterclaim.

81. Plaintiffs deny the allegations contained in Paragraph 81 of the Counterclaim.

**THIRD CAUSE OF ACTION**

**PROMISSORY ESTOPPEL**

(Against Esam Janahi)

82. Plaintiffs incorporate their responses to Paragraphs 1-62 as though fully set forth herein.

83. Plaintiffs deny the allegations contained in Paragraph 83 of the

1 Counterclaim.

2 84. Plaintiffs deny the allegations contained in Paragraph 84 of the
3 Counterclaim.

4 85. Plaintiffs deny the allegations contained in Paragraph 85 of the
5 Counterclaim.

6 86. Plaintiffs deny the allegations contained in Paragraph 86 of the
7 Counterclaim.

8 87. Plaintiffs deny the allegations contained in Paragraph 87 of the
9 Counterclaim.

## FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT
(Against all Counterclaim Defendants)

13 88. Plaintiffs incorporate their responses to Paragraphs 1-62 as though fully
14 set forth herein.

15 89. Plaintiffs admit that Zuberi agreed to the 25/75 arrangement, as
16 described in Plaintiffs Complaint. Plaintiffs otherwise deny the allegations
17 contained in Paragraph 89 of the Counterclaim, and further, specifically deny that (i)
18 Zuberi has not been reimbursed for all significant, legitimate expenses he incurred
19 on EJ's behalf, for which he has requested reimbursement with proof in the form of
20 receipts; and (ii) that EJ and Zuberi entered into a 2019 Settlement Agreement by
21 which EJ released his claims against Zuberi.

22 90. Plaintiffs deny the allegations contained in Paragraph 90 of the
23 Counterclaim.

24 91. Plaintiffs deny the allegations contained in Paragraph 91 of the
25 Counterclaim.

26 92. Plaintiffs deny the allegations contained in Paragraph 92 of the
27 Counterclaim.

28 93. Plaintiffs deny the allegations contained in Paragraph 93 of the

Counterclaim.

94. Plaintiffs deny the allegations contained in Paragraph 94 of the Counterclaim.

## RESPONSE TO DEFENDANT'S PRAYER FOR RELIEF

In response to Defendant's Prayer for Relief, Plaintiffs deny that Defendant is entitled to any relief on any claim asserted in the Counterclaim.

## AFFIRMATIVE DEFENSES AND ADDITIONAL DEFENSES

Without waiving any of the specific denials set forth in Plaintiffs' Answer, Plaintiffs hereby state and assert the following as affirmative and/or additional defenses to Defendant's Counterclaim:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Failure to Plead with Particularity)

2. Defendant's allegations in the Counterclaim are not set forth with the requisite particularity.

### THIRD AFFIRMATIVE DEFENSE
(Statute of Limitations)

3. Defendant's claims are barred in whole or in part by the applicable statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE
(Lack of Damages)

4. Defendant was not damaged by any alleged conduct by Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE
(Estoppel)

5. The Counterclaim is barred in whole and in part by the doctrine of

estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

(Laches)

6. The Counterclaim is barred in whole and in part by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

7. Defendant is not entitled to recover on the claims Defendant asserts in the Counterclaim because Defendant failed to mitigate.

**EIGHTH AFFIRMATIVE DEFENSE**

(Waiver)

8. Defendant waived rights and privileges essential to the claims Defendant asserts in the Counterclaim.

**NINTH AFFIRMATIVE DEFENSE**

(Consent/Ratification)

9. Defendant consented to, approved of, and/or ratified the conduct that forms the basis of the Counterclaim.

**TENTH AFFIRMATIVE DEFENSE**

(Accord and Satisfaction)

10. Defendant's Counterclaim is barred by the doctrines of accord and satisfaction.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Set-Off)

11. Defendant's recovery, if any, is subject to set-off.

**TWELFTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

12. The Counterclaim is barred, in whole or in part, because Plaintiff's prayer for relief would result in unjust enrichment.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

13. The Counterclaim is barred due to Defendant's unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Collateral Estoppel; Judicial Admissions)

14. The Counterclaim is barred by principles of collateral estoppel and/or Defendant's judicial admissions. In particular, the Counterclaim is barred by Zuberi's guilty plea in the criminal action, as well as specific factual assertions that Zuberi made throughout the criminal case, including (without limitation) with respect to the 75/25 agreement. By way of example, Zuberi admitted in one filing in the criminal case that his "clawback debt" to EJ is $4,273,654. (*See* D.E. 90, Ex. 2.). While the debt is in fact much greater than the $4 Million admitted in the criminal case, Zuberi is, at a minimum, estopped from claiming he owes less than the amounts admitted in his criminal case.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Illegality)

15. The Counterclaim is barred by Defendant's own illegal and fraudulent conduct.

### RESERVATION OF RIGHTS

Plaintiffs reserve the right, upon completion of Plaintiffs' investigation and discovery, to file such additional affirmative defenses as may be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

1. That Defendant takes nothing by his Counterclaim and that the same be dismissed with prejudice;

2. That this Court enters judgment in favor of Plaintiffs and against Defendant on Defendant's Counterclaim;

3. That Plaintiffs are awarded costs of suit, including attorneys' fees; and

4.	For such other and further relief as this Court deems proper.

Dated: June 23, 2022	**BRYAN CAVE LEIGHTON PAISNER LLP**

By: *Anne Redcross Beehler*
Anne Redcross Beehler
Attorneys for Plaintiffs and Counterclaim-Defendants DR. ESAM YUSUF ABDULKARIM JANAHI; and INFRA CAPITAL INVESTMENTS PJSC

**PROOF OF SERVICE**
**CCP 1013A(3)**
*Dr. Esam Yusuf Abdulkarim Janahi, et al. v. Imaad Shah Zuberi, et al.*
**USDC Central District of California, Western Division Case No. 2:21-cv-03975-VAP-PLA**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1920 Main Street, Suite 1000, Irvine, California 92614.

On ***June 23, 2022***, I served the following document(s) described as:

**PLAINTIFFS AND COUNTERCLAIM-DEFENDANTS' ANSWER TO IMAAD SHAH ZUBERI'S COUNTERCLAIM**

on all interested parties in this action as follows:

| | |
|---|---|
| Darrell P. White<br>Michelle E. Soon<br>David J. Steadmon<br>**KIMURA LONDON & WHITE LLP**<br>3 Park Plaza, Suite 1520<br>Irvine, CA 92614<br>(949) 474-0940 | *Attorneys for Defendants Imaad Shah Zuberi, Avenue Captial Group Inc., Avenue Investment Services Inc., Avenue Venture LLC, Avenue Ventures, West Hollywood 11, LLC, and USCares, LLC*<br>Phone:     (949) 474-0940<br>Facsimile: (949) 485-2946<br>Email: dwhite@klw-law.com<br>           msoon@klw-law.com<br>           dsteadmon@klw-law.com |

[☒] BY CM/ECF NOTICE OF ELECTRONIC FILING: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

[☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on ***June 23, 2022***, at Irvine, California.

*Angelina M. Andrade*
Angelina M. Andrade

USA.605158332.2/MXV

PROOF OF SERVICE