1   Jennifer L. Williams (SBN 268782)
    jenn@summaLLP.com
2   Megan A. Maitia (SBN 285271)
    megan@summaLLP.com
3   Gabrielle D. Trujillo (SBN 322712)
    gabby@summaLLP.com
4   SUMMA LLP
    1010 Sycamore Ave.
5   South Pasadena, CA 91030
    T: (213) 260-9456
6   F: (213) 835-0939

7   Attorneys for Defendant
    WILLA W. RAO

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                       WESTERN DIVISION

11

12  DR. ESAM YUSUF ABDULKARIM          Case No. 2:21-cv-03975-VAP-PLAx
13  JANAHI, an individual; and INFRA
    CAPITAL INVESTMENTS PJSC,          *Hon. Virginia A. Phillips*
14  f/k/a "ABU DHABI INVESTMENT
    HOUSE, PJSC," a private joint-stock
15  Company,                           **DEFENDANT WILLA RAO'S
                                       ANSWER TO SECOND AMENDED
16             Plaintiffs,             COMPLAINT (AMENDED)**

17       vs.                           **DEMAND FOR JURY TRIAL**

18  IMAAD SHAH ZUBERI, an              Trial date: January 24, 2023
    individual; WEST HOLLYWOOD 11
19  LLC, a California limited liability
    company; USCARES LLC a/k/a "U.S.
20  CARES, LLC" and "AMERICA
    CARES," a Delaware limited liability
21  company; AVENUE VENTURES,
    LLC a/k/a "AVENUE VENTURES," a
22  Delaware limited liability company;
    AVENUE CAPITAL GROUP, INC., a
23  California corporation; AVENUE
    INVESTMENT SERVICES INC., a
24  California corporation; AVENUE
    VENTURES, an unincorporated
25  association; WILLA W. RAO, an
    individual and DOES 2 to 10, inclusive,
26
               Defendants.
27

28

Defendant WILLA RAO ("RAO") hereby files this amended answer to the Second Amended Complaint (Complaint or SAC) filed at Docket 131 by Plaintiffs DR. ESAM YUSUF ABDULKARIM JANAHI ("EJ") and INFRA CAPITAL INVESTMENTS PJSC ("Infra" or collectively with EJ "Plaintiffs").

Through this answer, Ms. Rao provides substantive responses to the allegations at paragraph numbers 128 through 134 of the SAC, which make up Plaintiffs' fraudulent transfer cause of action and on which Ms. Rao previously reserved her answer pending the Court's order on a then-pending motion to dismiss. Ms. Rao integrates her responses to paragraph numbers 128 through 134 with her previous responses to all other allegations, with the numbered paragraphs below corresponding to the paragraph number in the SAC.

1.      Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

2.      Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

3.      Rao admits that Zuberi resides in Los Angeles, that a criminal case was filed against him in October 2019, that he pleaded guilty to counts related to violations of the Foreign Agents Registration Act, Federal Election Campaign act, and tax laws, and that he was sentenced to a 12-year prison sentence.  Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the remainder of the allegation, and on that basis the remainder of the allegation is denied.

4.      Rao admits that 10166 Rush Street, South El Monte California 91733 is the address of the acupuncture and herbal medicine supply distributer operated by Zuberi's sister-in-law and her husband. Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the remainder of the allegation, and on that basis the remainder of the allegation is denied.

5.      Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

6.      Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

7.      Admit.

8.      Admit.

9.      Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

10.      Admit that Rao is the spouse of Zuberi; that Rao is an officer of Avenue Capital Group, Inc. and Avenue Investment Services, Inc.; and that Rao resides in Los Angeles County California.  Rao is without adequate information, knowledge, and/or belief to admit or deny the remainder of the allegation, and on that basis the remainder of the allegation is denied.

11.      This is not an allegation that requires an admission or denial.

12.      This is not an allegation that requires an admission or denial.

13.      Denied with respect to Rao.  Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the remainder of the allegation with respect to the other Defendants, and on that basis the remainder of allegation with respect to the other Defendants is denied.

14.      Rao admits that this Court has diversity jurisdiction with respect to the claims in the SAC. Rao is without adequate information, knowledge, and/or belief at this time regarding the citizenship of the Plaintiffs, and on that basis the remainder of the allegation is denied.

15.      Rao admits that venue is proper.  Rao is without adequate information, knowledge, and/or belief at this time regarding the location of the events and property at issue, as alleged in the SAC, and on that basis, the remainder of the allegation is denied.

16. Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

17. Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

18. Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

19. Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

20. Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

21. Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

22. Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

23. Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

24. Rao denies that she ever pretended to be Renee Wu or ever communicated with EJ, including through an alleged fictitious Ms. Wu. Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the remainder of the allegation, and on that basis the remainder of the allegation is denied.

25. Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

26. Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

27. Rao admits that EJ transferred to Zuberi $2.5 million between April 2013 through 2014, but Rao is without adequate information, knowledge, and/or

DEFENDANT RAO'S ANSWER TO THE SECOND AMENDED COMPLAINT (AMENDED)

1 | belief at this time as to the remainder of the allegation, and on that basis, the
2 | remainder of allegation is denied.

3 |     28.    Rao is without adequate information, knowledge, and/or belief at this
4 | time to admit or deny the allegation, and on that basis the allegation is denied.

5 |     29.    Rao admits that Exhibit A reflects transfers sent by EJ to the Bank of
6 | America account jointly held by Zuberi and Rao.  Rao is without adequate
7 | information, knowledge, and/or belief at this time to admit or deny the remainder of
8 | the allegation, and on that basis the remainder of the allegation is denied.

9 |     30.    Rao admits EJ transferred funds to Zuberi.  Rao is without adequate
10 | information, knowledge, and/or belief at this time to admit or deny the remainder of
11 | the allegation, and on that basis the remainder of the allegation is denied.

12 |     31.    Rao admits EJ transferred funds to Zuberi.  Rao is without adequate
13 | information, knowledge, and/or belief at this time to admit or deny the remainder of
14 | the allegation, and on that basis the remainder of the allegation is denied.

15 |     32.    Rao admits that Exhibit A reflects transfers sent by EJ to the Bank of
16 | America account jointly held by Zuberi and Rao.  Rao is without adequate
17 | information, knowledge, and/or belief at this time to admit or deny the remainder of
18 | the allegation, and on that basis the remainder of the allegation is denied.

19 |     33.    Rao admits that Exhibit A reflects two transfers sent by EJ to the Bank
20 | of America account jointly held by Zuberi and Rao, including a February 14, 2014
21 | transfer in the amount of $500,000; and a March 11, 2014 transfer in the amount of
22 | $800,000.  Rao is without adequate information, knowledge, and/or belief at this
23 | time to admit or deny the remainder of the allegation, and on that basis the remainder
24 | of the allegation is denied.

25 |     34.    Rao is without adequate information, knowledge, and/or belief at this
26 | time to admit or deny the allegation, and on that basis the allegation is denied.

27 |     35.    Rao is without adequate information, knowledge, and/or belief at this
28 | time to admit or deny the allegation, and on that basis the allegation is denied.

1   36.   Rao is without adequate information, knowledge, and/or belief at this
2   time to admit or deny the allegation, and on that basis the allegation is denied.

3   37.   Rao is without adequate information, knowledge, and/or belief at this
4   time to admit or deny the allegation, and on that basis the allegation is denied.

5   38.   Rao is without adequate information, knowledge, and/or belief at this
6   time to admit or deny the allegation, and on that basis the allegation is denied.

7   39.   Rao is without adequate information, knowledge, and/or belief at this
8   time to admit or deny the allegation, and on that basis the allegation is denied.

9   40.   Rao is without adequate information, knowledge, and/or belief at this
10  time to admit or deny the allegation, and on that basis the allegation is denied.

11  41.   Rao is without adequate information, knowledge, and/or belief at this
12  time to admit or deny the allegation, and on that basis the allegation is denied.

13  42.   Rao is without adequate information, knowledge, and/or belief at this
14  time to admit or deny the allegation, and on that basis the allegation is denied.

15  43.   Rao is without adequate information, knowledge, and/or belief at this
16  time to admit or deny the allegation, and on that basis the allegation is denied.

17  44.   Rao is without adequate information, knowledge, and/or belief at this
18  time to admit or deny the allegation, and on that basis the allegation is denied.

19  45.   Rao is without adequate information, knowledge, and/or belief at this
20  time to admit or deny the allegation, and on that basis the allegation is denied.

21  46.   Rao is without adequate information, knowledge, and/or belief at this
22  time to admit or deny the allegation, and on that basis the allegation is denied.

23  47.   Rao is without adequate information, knowledge, and/or belief at this
24  time to admit or deny the allegation, and on that basis the allegation is denied.

25  48.   Rao is without adequate information, knowledge, and/or belief at this
26  time to admit or deny the allegation, and on that basis the allegation is denied.

27  49.   Rao is without adequate information, knowledge, and/or belief at this
28  time to admit or deny the allegation, and on that basis the allegation is denied.

1   50. Rao is without adequate information, knowledge, and/or belief at this

2 time to admit or deny the allegation, and on that basis the allegation is denied.

3   51. Rao is without adequate information, knowledge, and/or belief at this

4 time to admit or deny the allegation, and on that basis the allegation is denied.

5   52. Rao is without adequate information, knowledge, and/or belief at this

6 time to admit or deny the allegation, and on that basis the allegation is denied.

7   53. Rao is without adequate information, knowledge, and/or belief at this

8 time to admit or deny the allegation, and on that basis the allegation is denied.

9   54. Rao is without adequate information, knowledge, and/or belief at this

10 time to admit or deny the allegation, and on that basis the allegation is denied.

11   55. Rao is without adequate information, knowledge, and/or belief at this

12 time to admit or deny the allegation, and on that basis the allegation is denied.

13   56. Rao is without adequate information, knowledge, and/or belief at this

14 time to admit or deny the allegation, and on that basis the allegation is denied.

15   57. Rao is without adequate information, knowledge, and/or belief at this

16 time to admit or deny the allegation, and on that basis the allegation is denied.

17   58. Rao is without adequate information, knowledge, and/or belief at this

18 time to admit or deny the allegation, and on that basis the allegation is denied.

19   59. Rao denies ever pretending to be Renee Wu.  Rao is without adequate

20 information, knowledge, and/or belief at this time to admit or deny the remainder of

21 the allegation, and on that basis the remainder of the allegation is denied.

22   60. Rao is without adequate information, knowledge, and/or belief at this

23 time to admit or deny the allegation, and on that basis the allegation is denied.

24   61. Rao is without adequate information, knowledge, and/or belief at this

25 time to admit or deny the allegation, and on that basis the allegation is denied.

26   62. Rao is without adequate information, knowledge, and/or belief at this

27 time to admit or deny the allegation, and on that basis the allegation is denied.

28

DEFENDANT RAO'S ANSWER TO THE SECOND AMENDED COMPLAINT (AMENDED)

63.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

64.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

65.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

66.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

67.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

68.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

69.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

70.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

71.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

72.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

73.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

74.     Rao admits that Zuberi entered his guilty plea on or about November 22, 2019.

75.     Rao admits that the Information containing the three counts to which Zuberi ultimately pleaded guilty was filed on or about October 22, 2019.

76.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

77.     Rao admits that the cited paragraphs of the Information are accurately quoted. To the extent that the allegations in this Paragraph could be construed to state a claim against Rao, to allege any wrongdoing by Rao, or to require a response, the allegations are denied.

78.     Rao admits that bank records reflect EJ transferred money to the Bank of America account jointly held by Zuberi and Rao.  Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the remainder of the allegations, and on that basis, the allegation is denied.

79.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

80.     Rao denies that Renee Wu acted as the alter ego of Rao.  Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the remainder of the allegation, and on that basis, the remainder of the allegation is denied.

81.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

82.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

83.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

84.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

85.     Rao denies that any of the entity defendants are her alter ego and vice versa.  Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the remainder of the allegation, and on that basis the remainder of allegation is denied.

86.     Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

1    87.    Rao is without adequate information, knowledge, and/or belief at this

2    time to admit or deny the allegation, and on that basis the allegation is denied.

3    88.    Rao denies that Rao ever pretended to be Renee Wu.  Rao is without

4    adequate information, knowledge, and/or belief at this time to admit or deny the

5    remainder of the allegations, and on that basis, the allegation is denied.

6    89.    Rao denies that she ever issued invoices, sent payments, or sent emails

7    purporting to be Renee Wu.  Rao is without adequate information, knowledge, and/or

8    belief at this time to admit or deny the remainder of the allegation, and on that basis,

9    the remainder of the allegation is denied.

10    90.    Rao is without adequate information, knowledge, and/or belief at this

11    time to admit or deny the allegation, and on that basis the allegation is denied.

12    91.    Rao admits that she is listed as a corporate officer of Avenue Capital

13    Group and Avenue Investment Services, and that she had access to the bank accounts

14    associated with these entities.  Rao lacks adequate information, knowledge, and/or

15    belief with respect to the allegation that "as an officer, [she] signed various corporate

16    documents," and on that basis that part of the allegation is denied.

17    92.    Rao admits that she had access to the Wells Fargo account associated

18    with Avenue Capital Group, Inc.

19    93.    Rao is without adequate information, knowledge, and/or belief at this

20    time to admit or deny the allegation, and on that basis the allegation is denied.

21    94.    Rao admits that she reviewed and signed personal tax returns filed on

22    behalf of herself and Zuberi.  Rao admits that the cited paragraphs of the Information

23    are accurately quoted.  To the extent that the allegations in this Paragraph could be

24    construed to state a claim against Rao, to allege any wrongdoing by Rao, or to

25    require a response, the allegations are denied.

26    95.    Rao admits that she signed the document attached as Exhibit B to the

27    SAC, and that she and Zuberi paid a civil penalty with the IRS regarding unpaid

28    income tax for calendar years 2012-2015.  Rao is without adequate information,

1  knowledge, and/or belief at this time to admit or deny the remainder of the

2  allegation, and on that basis the remainder of the allegation is denied.

3      96.   Rao admits she did not disclose the criminal investigation to the

4  Plaintiffs, as she has never communicated with Plaintiffs about anything.  Rao denies

5  that she "participated in concealing Zuberi's fraud" and denies that her not disclosing

6  the criminal investigation means that she participated in the fraud.  Rao is without

7  adequate information, knowledge, and/or belief at this time to admit or deny the

8  remainder of the allegation, and on that basis the remainder of the allegation is

9  denied.

10      97.   Rao admits that she learned specifically and only of Plaintiffs' alleged

11  claims against Zuberi around the time Plaintiffs filed the case.  Rao is without

12  information, knowledge, and/or belief at this time to admit or deny the remainder of

13  the allegation, and on that basis the remainder of the allegation is denied.

14      98.   Rao is without adequate information, knowledge, and/or belief at this

15  time to admit or deny the allegation, and on that basis the allegation is denied.

16      99.   Rao is without adequate information, knowledge, and/or belief at this

17  time to admit or deny the allegation, and on that basis the allegation is denied.

18      100.  Rao admits that she has never personally provided any funds to

19  Plaintiffs.  Rao is without adequate information, knowledge, and/or belief at this time

20  to admit or deny the remainder of the allegation, and on that basis the remainder of

21  the allegation is denied.

22      101.  Rao repeats and incorporates her responses to all of the foregoing

23  paragraphs of the SAC as if fully set forth herein.

24      102.  The First Cause of Action for Fraudulent Misrepresentation is not

25  alleged against Rao, and therefore no response is required to Paragraphs 102 through

26  126 of the SAC.  To the extent a response is required, Rao is without adequate

27  information, knowledge, and/or belief at this time to admit or deny the allegation in

28  this paragraph of the SAC, and on that basis the allegation is denied.

103.   The First Cause of Action for Fraudulent Misrepresentation is not alleged against Rao, and therefore no response is required to Paragraphs 102 through 126 of the SAC.  To the extent a response is required, Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation in this paragraph of the SAC, and on that basis the allegation is denied.

104.   The First Cause of Action for Fraudulent Misrepresentation is not alleged against Rao, and therefore no response is required to Paragraphs 102 through 126 of the SAC.  To the extent a response is required, Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation in this paragraph of the SAC, and on that basis the allegation is denied.

105.   The First Cause of Action for Fraudulent Misrepresentation is not alleged against Rao, and therefore no response is required to Paragraphs 102 through 126 of the SAC.  To the extent a response is required, Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation in this paragraph of the SAC, and on that basis the allegation is denied.

106.   The First Cause of Action for Fraudulent Misrepresentation is not alleged against Rao, and therefore no response is required to Paragraphs 102 through 126 of the SAC.  To the extent a response is required, Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation in this paragraph of the SAC, and on that basis the allegation is denied.

107.   The First Cause of Action for Fraudulent Misrepresentation is not alleged against Rao, and therefore no response is required to Paragraphs 102 through 126 of the SAC.  To the extent a response is required, Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation in this paragraph of the SAC, and on that basis the allegation is denied.

108.   The First Cause of Action for Fraudulent Misrepresentation is not alleged against Rao, and therefore no response is required to Paragraphs 102 through 126 of the SAC.  To the extent a response is required, Rao is without adequate

DEFENDANT RAO'S ANSWER TO THE SECOND AMENDED COMPLAINT (AMENDED)

1  information, knowledge, and/or belief at this time to admit or deny the allegation in
2  this paragraph of the SAC, and on that basis the allegation is denied.

3        109.   The First Cause of Action for Fraudulent Misrepresentation is not
4  alleged against Rao, and therefore no response is required to Paragraphs 102 through
5  126 of the SAC.  To the extent a response is required, Rao is without adequate
6  information, knowledge, and/or belief at this time to admit or deny the allegation in
7  this paragraph of the SAC, and on that basis the allegation is denied.

8        110.   The First Cause of Action for Fraudulent Misrepresentation is not
9  alleged against Rao, and therefore no response is required to Paragraphs 102 through
10  126 of the SAC.  To the extent a response is required, Rao is without adequate
11  information, knowledge, and/or belief at this time to admit or deny the allegation in
12  this paragraph of the SAC, and on that basis the allegation is denied.

13        111.   The First Cause of Action for Fraudulent Misrepresentation is not
14  alleged against Rao, and therefore no response is required to Paragraphs 102 through
15  126 of the SAC.  To the extent a response is required, Rao is without adequate
16  information, knowledge, and/or belief at this time to admit or deny the allegation in
17  this paragraph of the SAC, and on that basis the allegation is denied.

18        112.   The First Cause of Action for Fraudulent Misrepresentation is not
19  alleged against Rao, and therefore no response is required to Paragraphs 102 through
20  126 of the SAC.  To the extent a response is required, Rao is without adequate
21  information, knowledge, and/or belief at this time to admit or deny the allegation in
22  this paragraph of the SAC, and on that basis the allegation is denied.

23        113.   The First Cause of Action for Fraudulent Misrepresentation is not
24  alleged against Rao, and therefore no response is required to Paragraphs 102 through
25  126 of the SAC.  To the extent a response is required, Rao is without adequate
26  information, knowledge, and/or belief at this time to admit or deny the allegation in
27  this paragraph of the SAC, and on that basis the allegation is denied.

28

DEFENDANT RAO'S ANSWER TO THE SECOND AMENDED COMPLAINT (AMENDED)

114. The First Cause of Action for Fraudulent Misrepresentation is not alleged against Rao, and therefore no response is required to Paragraphs 102 through 126 of the SAC. To the extent a response is required, Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation in this paragraph of the SAC, and on that basis the allegation is denied.

115. The First Cause of Action for Fraudulent Misrepresentation is not alleged against Rao, and therefore no response is required to Paragraphs 102 through 126 of the SAC. To the extent a response is required, Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation in this paragraph of the SAC, and on that basis the allegation is denied.

116. The First Cause of Action for Fraudulent Misrepresentation is not alleged against Rao, and therefore no response is required to Paragraphs 102 through 126 of the SAC. To the extent a response is required, Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation in this paragraph of the SAC, and on that basis the allegation is denied.

117. The First Cause of Action for Fraudulent Misrepresentation is not alleged against Rao, and therefore no response is required to Paragraphs 102 through 126 of the SAC. To the extent a response is required, Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation in this paragraph of the SAC, and on that basis the allegation is denied. The First Cause of Action for Fraudulent Misrepresentation is not alleged against Rao, and therefore no response is required to Paragraphs 102 through 126 of the SAC. To the extent a response is required, Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation in this paragraph of the SAC, and on that basis the allegation is denied.

118. The First Cause of Action for Fraudulent Misrepresentation is not alleged against Rao, and therefore no response is required to Paragraphs 102 through 126 of the SAC. To the extent a response is required, Rao is without adequate

DEFENDANT RAO'S ANSWER TO THE SECOND AMENDED COMPLAINT (AMENDED)

1    information, knowledge, and/or belief at this time to admit or deny the allegation in
2    this paragraph of the SAC, and on that basis the allegation is denied.

3         119.    The First Cause of Action for Fraudulent Misrepresentation is not
4    alleged against Rao, and therefore no response is required to Paragraphs 102 through
5    126 of the SAC.  To the extent a response is required, Rao is without adequate
6    information, knowledge, and/or belief at this time to admit or deny the allegation in
7    this paragraph of the SAC, and on that basis the allegation is denied.

8         120.    The First Cause of Action for Fraudulent Misrepresentation is not
9    alleged against Rao, and therefore no response is required to Paragraphs 102 through
10   126 of the SAC.  To the extent a response is required, Rao is without adequate
11   information, knowledge, and/or belief at this time to admit or deny the allegation in
12   this paragraph of the SAC, and on that basis the allegation is denied.

13        121.    The First Cause of Action for Fraudulent Misrepresentation is not
14   alleged against Rao, and therefore no response is required to Paragraphs 102 through
15   126 of the SAC.  To the extent a response is required, Rao is without adequate
16   information, knowledge, and/or belief at this time to admit or deny the allegation in
17   this paragraph of the SAC, and on that basis the allegation is denied.

18        122.    The First Cause of Action for Fraudulent Misrepresentation is not
19   alleged against Rao, and therefore no response is required to Paragraphs 102 through
20   126 of the SAC.  To the extent a response is required, Rao is without adequate
21   information, knowledge, and/or belief at this time to admit or deny the allegation in
22   this paragraph of the SAC, and on that basis the allegation is denied.

23        123.    The First Cause of Action for Fraudulent Misrepresentation is not
24   alleged against Rao, and therefore no response is required to Paragraphs 102 through
25   126 of the SAC.  To the extent a response is required, Rao is without adequate
26   information, knowledge, and/or belief at this time to admit or deny the allegation in
27   this paragraph of the SAC, and on that basis the allegation is denied.

28

124.   The First Cause of Action for Fraudulent Misrepresentation is not alleged against Rao, and therefore no response is required to Paragraphs 102 through 126 of the SAC.  To the extent a response is required, Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation in this paragraph of the SAC, and on that basis the allegation is denied.

125.   The First Cause of Action for Fraudulent Misrepresentation is not alleged against Rao, and therefore no response is required to Paragraphs 102 through 126 of the SAC.  To the extent a response is required, Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation in this paragraph of the SAC, and on that basis the allegation is denied.

126.   The First Cause of Action for Fraudulent Misrepresentation is not alleged against Rao, and therefore no response is required to Paragraphs 102 through 126 of the SAC.  To the extent a response is required, Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation in this paragraph of the SAC, and on that basis the allegation is denied.

127.   Rao repeats and incorporates her responses to all of the foregoing paragraphs of the SAC as if fully set forth herein.

128.   Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

129.   Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

130.   Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

131.   Rao denies the allegation to the extent it purports to trace monies that flowed from Infra Capital to WeHo 11 to the Bank of America account ending in x2112 jointly controlled by Zuberi and Rao, and Rao denies that any referenced bank records verify the alleged flow of monies.  Rao is without adequate information,

knowledge, and/or belief at this time to admit or deny the remainder of the allegation, and on that basis the remainder of the allegation is denied.

132.   Rao denies that the transfers were made with actual intent to hinder or defraud, denies the alleged badges of fraud that the transfers were concealed and not disclosed to the Plaintiffs, and denies that the funds were transferred to accounts associated with Rao.  Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the remainder of the allegation, and on that basis the remainder of the allegation is denied.

133.   Rao denies the alleged transfers to Rao, denies that they resulted in harm to Infra Capital and consequently EJ, and denies that the transfers were undertaken to deprive Plaintiffs of any right to their investment and returns on investment.  Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the remainder of the allegation, and on that basis the remainder of the allegation is denied.

134.   Denied with respect to the allegation that Rao engaged in fraudulent, oppressive, and malicious misconduct.  Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the remainder of the allegation, and on that basis the remainder of the allegation is denied.

135.   Rao repeats and incorporates her responses to all of the foregoing paragraphs of the SAC as if fully set forth herein.

136.   Denied with respect to the allegation that Rao wrongfully exercised dominion and control over the property of Plaintiffs, without Plaintiffs' consent.  Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the remainder of the allegation, and on that basis the remainder of the allegation is denied.

137.   Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation, and on that basis the allegation is denied.

138.   Denied with respect to the allegation that Rao converted Plaintiffs' funds by retaining them and using them for her and/or her family's benefit.  Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the remainder of the allegation, and on that basis the remainder of the allegation is denied.

139.   Denied with respect to the allegation that Rao engaged in fraudulent, oppressive, and malicious misconduct.  Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the remainder of the allegation, and on that basis the remainder of the allegation is denied.

140.   Rao repeats and incorporates her responses to all of the foregoing paragraphs of the SAC as if fully set forth herein.

141.   The Fourth Cause of Action for Unfair Business Practices is not alleged against Rao, and therefore no response is required to Paragraphs 141 through 143 of the SAC.  To the extent a response is required, Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation in this paragraph of the SAC, and on that basis the allegation is denied.

142.   The Fourth Cause of Action for Unfair Business Practices is not alleged against Rao, and therefore no response is required to Paragraphs 141 through 143 of the SAC.  To the extent a response is required, Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation in this paragraph of the SAC, and on that basis the allegation is denied.

143.   The Fourth Cause of Action for Unfair Business Practices is not alleged against Rao, and therefore no response is required to Paragraphs 141 through 143 of the SAC.  To the extent a response is required, Rao is without adequate information, knowledge, and/or belief at this time to admit or deny the allegation in this paragraph of the SAC, and on that basis the allegation is denied.

144.   Rao repeats and incorporates her responses to all of the foregoing paragraphs of the SAC as if fully set forth herein.

DEFENDANT RAO'S ANSWER TO THE SECOND AMENDED COMPLAINT (AMENDED)

1   145.   The Fifth Cause of Action for Breach of Contract is not alleged against
2   Rao, and therefore no response is required to Paragraphs 145 through 151 of the
3   SAC.  To the extent a response is required, Rao is without adequate information,
4   knowledge, and/or belief at this time to admit or deny the allegation in this paragraph
5   of the SAC, and on that basis the allegation is denied.

6   146.   The Fifth Cause of Action for Breach of Contract is not alleged against
7   Rao, and therefore no response is required to Paragraphs 145 through 151 of the
8   SAC.  To the extent a response is required, Rao is without adequate information,
9   knowledge, and/or belief at this time to admit or deny the allegation in this paragraph
10  of the SAC, and on that basis the allegation is denied.

11  147.   The Fifth Cause of Action for Breach of Contract is not alleged against
12  Rao, and therefore no response is required to Paragraphs 145 through 151 of the
13  SAC.  To the extent a response is required, Rao is without adequate information,
14  knowledge, and/or belief at this time to admit or deny the allegation in this paragraph
15  of the SAC, and on that basis the allegation is denied.

16  148.   The Fifth Cause of Action for Breach of Contract is not alleged against
17  Rao, and therefore no response is required to Paragraphs 145 through 151 of the
18  SAC.  To the extent a response is required, Rao is without adequate information,
19  knowledge, and/or belief at this time to admit or deny the allegation in this paragraph
20  of the SAC, and on that basis the allegation is denied.

21  149.   The Fifth Cause of Action for Breach of Contract is not alleged against
22  Rao, and therefore no response is required to Paragraphs 145 through 151 of the
23  SAC.  To the extent a response is required, Rao is without adequate information,
24  knowledge, and/or belief at this time to admit or deny the allegation in this paragraph
25  of the SAC, and on that basis the allegation is denied.

26  150.   The Fifth Cause of Action for Breach of Contract is not alleged against
27  Rao, and therefore no response is required to Paragraphs 145 through 151 of the
28  SAC.  To the extent a response is required, Rao is without adequate information,

1  knowledge, and/or belief at this time to admit or deny the allegation in this paragraph

2  of the SAC, and on that basis the allegation is denied.

3      151.   The Fifth Cause of Action for Breach of Contract is not alleged against

4  Rao, and therefore no response is required to Paragraphs 145 through 151 of the

5  SAC.  To the extent a response is required, Rao is without adequate information,

6  knowledge, and/or belief at this time to admit or deny the allegation in this paragraph

7  of the SAC, and on that basis the allegation is denied.

8                          **AFFIRMATIVE DEFENSES**

9                      **FIRST AFFIRMATIVE DEFENSE**

10                          *Failure to State a Claim*

11      Plaintiffs' claims against Rao fail because each and every one of them fails to

12  state a claim against Rao upon which relief can be granted.

13                      **SECOND AFFIRMATIVE DEFENSE**

14                          *Statute of Limitations*

15      Plaintiffs' claims against Rao are barred, in whole or in part, by the applicable

16  statute(s) of limitations.

17                      **THIRD AFFIRMATIVE DEFENSE**

18                          *Statute of Repose*

19      Plaintiffs' claims against Rao are barred, in whole or in part, by the applicable

20  statute(s) of repose.

21                      **FOURTH AFFIRMATIVE DEFENSE**

22                              *Waiver*

23      Plaintiffs have waived their right to seek the relief sought in the Second

24  Amended Complaint due to their own acts and/or omissions with reference to the

25  subject matter of the Complaint.

26  //

27  //

28  //

## FIFTH AFFIRMATIVE DEFENSE

*Estoppel*

Plaintiffs, by reason of their knowledge, conduct, approval, authorization, or ratification, are estopped from bringing claims against and recovering anything from Rao.

## SIXTH AFFIRMATIVE DEFENSE

*Settlement Agreement and Release*

Plaintiffs are contractually barred from bringing the claims alleged in the Complaint because the allegations are subject to a binding Settlement Agreement and Release signed by Plaintiffs, and Plaintiffs have released all claims, causes of action, and/or obligations raised in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

*Laches*

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

*Unclean Hands*

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

*Denial of Damages*

Rao denies that Plaintiff has been damaged in any sum or sums, or otherwise at all, by reason of act or omission by Rao.

## TENTH AFFIRMATIVE DEFENSE

*Failure to Mitigate Damages*

Rao is informed and believes, and on that basis alleges, that if Plaintiffs suffered a loss or damage, which Rao denies, then Plaintiffs failed to exercise reasonable care and diligence to avoid that loss, if any, or minimize the resulting

1  damage, if any, and cannot recover for said loss or damage beyond that which would
2  have resulted from reasonable mitigation.

3  ### ELEVENTH AFFIRMATIVE DEFENSE
4  *Good Faith*

5      Rao acted in good faith and without fraudulent intent with regards to any and
6  all transactions alleged in the Complaint, and therefore Plaintiffs cannot prevail on
7  their claims against Rao and/or recover damages from Rao.

8  ### TWELFTH AFFIRMATIVE DEFENSE
9  *Lack of Causation*

10      The Complaint and each purported cause of action alleged therein are barred to
11  the extent that Rao's conduct was not the actual or proximate cause of any loss
12  suffered by Plaintiffs.

13  ### THIRTEENTH AFFIRMATIVE DEFENSE
14  *Reservation of Rights*

15      Due to lack of information as to matters set forth in the Complaint, Rao has
16  insufficient information or belief as to whether there are additional, yet unstated,
17  affirmative defenses available, and Rao reserves the right to assert such additional
18  affirmative defenses in the event discovery indicates they are proper.

19  ### PRAYER FOR RELIEF
20      WHEREFORE, Rao prays for judgment against Plaintiffs:

21      A.    That Plaintiffs take nothing by reason of the allegations in the
22  Complaint;

23      B.    That the Complaint be dismissed upon the merits and with prejudice or
24  judgment be entered in favor of Rao;

25      C.    That Plaintiff be required to pay Rao's cost of suit as well as all
26  attorneys' fees, expert fees, or other fees properly recoverable as a matter of law; and

27      D.    For such other and further relief as the Court may deem just and proper.

28

1   Dated:  August 1, 2022             SUMMA LLP

2

3                          By:  /s/ *Megan A. Maitia*

4                             Jennifer L. Williams
                                Megan A. Maitia

5                              Gabrielle D. Trujillo

6                             Attorneys for Defendant
                             WILLA W. RAO

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT RAO'S ANSWER TO THE SECOND AMENDED COMPLAINT (AMENDED)

1

## DEMAND FOR JURY TRIAL

2

Defendant Willa Rao hereby demands trial by jury of all issues so triable.

3

4   Dated:  August 1, 2022                              SUMMA LLP

5

6                                                       By:  /s/ *Megan A. Maitia*
                                                             Jennifer L. Williams
7                                                            Megan A. Maitia
                                                             Gabrielle D. Trujillo
8
                                                             Attorneys for Defendant
9                                                            WILLA W. RAO

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT RAO'S ANSWER TO THE SECOND AMENDED COMPLAINT (AMENDED)